UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

MAX DOPPELT,                                    :

                Plaintiff,            :

      - against -                           :

SPECTRUM EXCHANGE, LLC,                        :

            Defendant.            :

Case No. 1:25-cv-05684-SHS

**JOINT STIPULATION AND
ORDER GOVERNING THE
DESIGNATION AND HANDLING
OF CONFIDENTIAL MATERIALS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

## JOINT STIPULATION AND ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

IT IS HEREBY STIPULATED AND AGREED by the undersigned and ORDERED by the Court:

1.     This Stipulation and Order shall govern the handling of all documents, things, testimony, electronically stored information, and other information, or the substance thereof in any form, including documents and things produced by either party, interrogatory answers, responses to requests for production of documents, responses to requests for admissions, deposition exhibits, and any other discovery materials produced, and all copies, excerpts, abstracts, and summaries thereof produced, given, or filed during discovery and other proceedings in this action ("Information"), including Information designated "Confidential" as set forth below. Information designated "Confidential" shall be collectively referred to as "Protected Material" herein.

1

2.      Any party or other person agreeing to be bound hereby producing or disclosing Information may designate any portions of any Information as "Confidential" subject to the paragraphs below.

3.      The parties' counsel and any other persons obtaining any Information designated as Protected Material shall (a) maintain such Information as "Confidential," as the case may be, in accordance with this Stipulation and Order; (b) not disclose such Protected Material to any person, entity, organization, or agency except as expressly provided below; and (c) exercise reasonably appropriate care with regard to the storage, custody, or use of Protected Material in order to ensure that the confidential nature of the same is maintained.

4.      Confidential Information. A party may designate as "Confidential" any Information which a party believes in good faith may constitute, reflect, or concern non-public, confidential or proprietary information, know-how, sensitive technical information, and other information which includes but is not limited to business, financial, or commercial information; trade secrets; marketing plans; non-public sales and marketing information; non-public financial information as to sales, manufacturing, and costs; and/or other business information which a party contends in good faith, if it were disclosed publicly, would materially affect that party's business. Information designated "Confidential" shall not be disclosed to anyone other than the following without consent from the party producing it or further order of the Court:

a.      To persons designated by a party who are partners, directors, officers, regular employees, or in-house counsel and whose assistance is necessary in the conduct of this action, including any settlement discussions, and only after such

persons have executed the Confidentiality Agreement attached hereto as Exhibit A, and as further set forth in paragraph 8 below;

b.    Outside counsel of record for a party in this action;

c.    Persons employed by or associated with the law firms of record for the parties and whose assistance is required by counsel of record during this action;

d.    Outside photocopying, coding, digitizing, data processing, graphic production services, or other vendors that the parties or their counsel utilize to assist in this action;

e.    Outside expert witnesses and outside expert consultants retained in connection with this action (i) who are not known or identified competitors with any of the parties, (ii) who are not otherwise employed by a known or identified competitor of any of the parties, (iii) to the extent such disclosure is necessary for the preparation for trial or trial of this action, and (iv) only after such persons has executed the Confidentiality Agreement attached hereto as Exhibit A and as further set forth in paragraphs 7 and 8 below;

f.    Deponents noticed, provided that, except in the case of a Deponent who falls under paragraph 4(g), below, only after such person has executed the Confidentiality Agreement attached hereto as Exhibit A and as further set forth in paragraphs 7 and 8 below;

g.    In the case of any particular Confidential Information, any person or persons who sent or received such information outside the context of the above-captioned case;

3

h.      The Court and its officers, including without limitation court reporters, stenographic reporters, clerks, and court personnel; provided, however, that any filing containing Protected Material hereunder must conform to paragraph 11 below; and

i.      Other persons, but only after such persons have executed the Confidentiality Agreement attached hereto as Exhibit A and as further set forth in paragraph 8 below.

5.      Publicly-Available or Independently-Obtained Information.  Confidential Information shall not include any Information that (a) is now generally known or readily available to the public or which becomes so known or available without the fault of the recipient party; (b) was in the possession of a recipient party before its disclosure or production by the producing party hereunder; (c) has been or becomes lawfully in the possession of a party through means independent of this action; or (d) is acquired from a third party who is in lawful possession of the Information, provided that the third party does not know or have reason to know, that the Information was acquired by the third party under an obligation of confidentiality. This Stipulation and Order shall not restrict the use of any Information so obtained, even if that Information is otherwise provided in this action and designated as Protected Material. Use of such Information shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

6.      A Party's Use of Its Own Information. Nothing in this Stipulation and Order shall prevent any party from disclosing its own Information that it has designated

4

"Confidential" as it deems appropriate. Such disclosure shall not be deemed a waiver of any other party's obligations under this Stipulation and Order, except as provided by law.

7.      Experts. Prior to the disclosure of any Protected Material to any person identified under paragraph 4(e) above (an "Expert"), the Party seeking to retain the Expert shall direct them to perform a conflict check to ensure that there is no conflict of interest or any other issue that would preclude the Expert from receiving access to any materials designated "Confidential" pursuant to this Stipulation and Order.  Upon request of the adverse Party, the Party seeking to retain the Expert will direct said Expert to include specified persons or entities within its conflict check procedures, provided that the requesting Party has a good faith basis for including said persons or entities.  In the event that a potential conflict of interest is identified, the Party seeking to retain the Expert will notify the adverse Party of the nature of the potential conflict, and the Parties shall meet and confer as soon as practicable (and in no event later than three (3) business days following disclosure of a conflict) in an effort to resolve the issue.  If said meet and confer does not result in an agreement, then the objecting party may, no later than five (5) business days after meeting and conferring, petition the Court for an Order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that the disclosure should not be made. If objection is made, no Protected Material may be made available to that particular person until after the Court rules that disclosure can be made. Nothing in this paragraph shall be read to limit or alter a party's obligations regarding expert disclosures or the contents thereof under the Federal Rules or any other applicable rule or Order.

8.      Confidentiality Agreements. Prior to the disclosure of any Protected Material to any person identified under paragraphs 4(a), 4(e), 4(f), and 4(i) above, the party shall obtain

5

from such person a signed undertaking in the form of the Confidentiality Agreement attached as Exhibit A, indicating that s/he has read this Stipulation and Order and will abide by its terms. Counsel of record for the party making such disclosure shall retain the original executed Confidentiality Agreements for at least two (2) years following the resolution of this action, whether by settlement or final non-appealable judgment.

9.   Attorneys' Eyes Only. If any party is requested to produce Information that he/it believes should not be disclosed to the other party, any third party, or to any other current or former employee, the disclosing party will produce the information with the label: **FOR ATTORNEYS' EYES ONLY** and, where appropriate, **FOR ATTORNEYS' AND EXPERTS' EYES ONLY**.  Confidential Information so labeled shall not be disclosed to the non-disclosing party unless the parties thereafter agree or the Court so orders subject to the process detailed in paragraph 17. Such disclosure shall not be deemed a waiver of any other party's obligations under this Stipulation and Order, except as provided by law. Nothing in this Stipulation and Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of Protected Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as permitted by this Stipulation and Order or by prior written agreement with opposing counsel.

10.   Limitations on the Use of Protected Material.  Parties and persons obtaining access to Protected Material under this Stipulation and Order shall use the information only for preparation and trial of this action (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, or commercial purposes, and administrative, regulatory, legislative, or judicial proceedings.

6

11.    Filing Protected Material. All submissions filed with the Court that contain Protected Material shall be filed under seal on which shall be affixed the caption of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> THIS DOCUMENT CONTAINS CONFIDENTIAL MATERIALS SUBJECT TO A REQUESTED PROTECTIVE ORDER ENTERED 1N THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, MADE PUBLIC, OR PLACED ON THE PUBLIC DOCKET, EXCEPT BY ORDER OF THE COURT.

12.    Testimony Concerning Protected Material. When Protected Material is discussed, quoted, or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 4 (as applicable) have access to such Information are present. With respect to testimony elicited during hearings, trial, and other proceedings, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of Protected Material, counsel may designate on the record at the time of such disclosure that the disclosure is "Confidential." Whenever matter designated as Protected Material is to be discussed in a hearing, trial, or other proceedings, any party claiming such confidentiality may request that the Court exclude from the courtroom any person who is not entitled under this Stipulation and Order to receive Protected Material; provided, that there is no objection from any other party, or, upon objection, the requesting party satisfies the Court, either through in camera proceedings or under other conditions to prevent unnecessary disclosure, that the Information qualifies as "Confidential" Information under this Stipulation and Order.

13.    Preparing for Deposition or Testimony. Consistent with paragraphs 4(f) and 4(g) above, during the course of preparing for a deposition or other testimony, unless otherwise entitled to access under this Stipulation and Order, a non-party fact

7

deponent/witness may only be shown Protected Material from another party's documents when the documents suggest, on their face, that they were authorized or received in the normal course of business and outside the context of this action by the deponent/witness. Use of Protected Material during a deposition shall be subject to compliance with this Stipulation and Order.

14.    Personal Data Identifiers. Nothing in this Stipulation and Order shall be read to limit or alter a party's obligations with respect to filing documents containing personal data identifiers.

15.    Designation of Protected Material. Protected Material shall be designated as follows:

a.    Prior to the production of documents to a requesting party, each page of the documents containing Protected Material shall be designated as "Confidential" by stamping or writing thereon the word "Confidential." In the event that documents are produced for inspection before their pages can be designated as "Confidential," all of the documents provided for inspection, and the pages and contents thereof, shall be treated as "Confidential" from the beginning of the inspection until copies of selected documents are provided to the requesting party with any appropriate confidentiality designations. The contents of any documents produced for inspection that are not selected for copying by the requesting party shall continue to be treated as "Confidential." Such disclosure shall not be deemed a waiver of any other party's obligations under this Stipulation and Order, except as provided by law.

b.    In the event that tangible things are produced that contain, constitute, or concern Protected Material, they shall be physically labeled "Confidential" in a way

8

that does not alter or significantly obscure the things or any components thereof, and the producing party shall also provide written notice of such confidentiality designation to the requesting party at the time the thing is produced. In such event, the tangible thing and any information that may be gleaned from its inspection or examination shall he treated as "Confidential."

c.    In the case of interrogatory answers, responses to request for production of documents responses to request for admissions, and the information contained therein, confidentiality designations shall be made by stamping or writing the word "Confidential," on each page containing such answers, with the relevant portion of any such answer bracketed or otherwise noted.

d.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Protected Material shall be made either (i) by a statement to such effect on the record during the course of the deposition, or (ii) by a written communication from counsel within fourteen (14) calendar days of receipt of the transcript of the deposition by counsel for the party claiming confidentiality. Between the date of the deposition and fourteen (14) calendar days after the transcript has been received by the parties, the entire transcript is to be treated as if designated "Confidential." If no party has designated any portion of a deposition transcript "Confidential" within fourteen (14) calendar days after receipt of the transcript, the entire transcript will be treated as non- confidential. If all or part of a videotaped deposition is designated as "Confidential," the video-cassette or other videotape container shall be labeled with one or both of such legends. The parties may modify

9

this procedure for any particular deposition through agreement on the record at such deposition, or after the deposition and in writing, without further court Order.

e.    In the case of any information (including without limitation information described in (a) through (d) of this paragraph 15), material may be designated as "Confidential" by any means which reasonably indicates that the producing party wishes such information to be designated as such.

16.    Designations and Non-Designations. The designation or lack of designation of Information by any party as "Confidential" does not, by itself, cause Information to become confidential, proprietary, or trade secret information of that party or otherwise diminish, denude, or deprive any confidential, proprietary, or trade secret status of the Information. The fact that Information has or has not been designated as Protected Material may not be introduced into evidence as an admission by any party and shall not be admissible in evidence for any other purpose.

17.    Objections to Designations. If any party objects to the designation of any Information as "Confidential," the party shall so state the objection in writing or, if at deposition, the party may, in addition or in the alternative to sending a written communication, make a statement on the record to counsel for the person making the designation. Any such notice shall identify the Protected Material to which the objection is directed. Upon receipt of such objection, a party that designated the Information as "Confidential" shall set forth its good faith basis for such designation either on the record or in writing within seven (7) business days. Counsel shall thereafter confer in good faith in an attempt to resolve any disputes concerning such designation. If such disputes cannot be resolved, the challenging party may apply to the Court for a determination of whether such designation is proper. The

10

party claiming confidentiality shall bear the burden of proving that the Information is "Confidential." The Protected Material will be treated in accordance with the designation unless and until the Court rules that it should not be treated as such. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. The continued reference to the material as "Confidential" by any party shall not be considered a waiver of any objections to the designation.

18.     Inadvertent Production of Undesignated Protected Material. The inadvertent failure of a party to designate Information as "Confidential" at the time of its production or disclosure shall not preclude that party from later designating said Information as "Confidential" by promptly notifying all counsel of record of such designation. Upon learning of any inadvertent failure to designate, the producing party shall designate such Information as "Confidential" promptly. The obligation to treat such information pursuant to such designation shall run prospectively from the date of the designation. However, any persons not authorized to receive the Information but to whom disclosure was made prior to receipt of such notice are to be advised as soon as possible that the Information disclosed included Protected Information, the Information disclosed (including any copies and/or information derived from the material) must be returned to, or certified destroyed by, counsel for the receiving party, and the material must thereafter be treated in accordance with this Stipulated Protective Order. A receiving party disagreeing with the designation of such materials may challenge the designation as set forth herein but must comply with these procedures pending the resolution of any such challenge.

19.     Inadvertent Production of Privileged Information.  The inadvertent or unintentional production or disclosure of any documents or other information or materials, regardless of whether the information was designated as Protected Material, shall not be deemed a waiver or impairment of any claim of privilege or any other protection from discovery, or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall notify the receiving party in writing as soon as reasonably practicable after inadvertent production or disclosure is discovered. Such notice shall specifically identify the documents, materials, or other things inadvertently or unintentionally produced. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced or disclosed, all such information, and all copies thereof, shall be returned forthwith by counsel for the receiving party to counsel for the producing party and counsel for the receiving party shall not use such information for any purpose. Any analyses, memoranda, or notes that were generated based upon such inadvertently-produced or disclosed information shall be destroyed by counsel for the receiving party and counsel for the receiving party shall not use such information for any purpose. Notwithstanding the foregoing, the receiving party remains free to challenge the privilege assertion, and may retain such materials as necessary to pursue said challenge, but must otherewise comply with these procedures while any such challenge is pending, and the receiving party's return shall not be deemed an admission or concession regarding any claimed privilege.

20.     Inadvertent Disclosure of Confidential Information to Third Parties.  If Information designated "Confidential" is disclosed by a receiving party to any person other

12

than in the manner authorized by this Stipulation and Order, the receiving party responsible for the disclosures must immediately bring all pertinent facts relating to such disclosure to the attention of the party that designated the Protected Material, and, without prejudice to the rights and remedies of the designating party, make every reasonable effort to (a) prevent further unauthorized disclosure on its own part, (b) prevent further unauthorized disclosure on the part of the person who received such Protected Material, and (c) to retrieve such Protected Material from the person who received it. Additionally, the party responsible for such inadvertent disclosure shall join in and provide reasonable assistance with any Court filings seeking further protection related to the inadvertent disclosure of Confidential Information to such third party(ies).

21.    No Admissions, Waivers or Prejudice. Entering into, agreeing to, and/or producing or receiving Protected Material under or otherwise complying with the terms of this Stipulation and Order shall not:

a.    Operate as an admission by any party that any Protected Material constitutes, reflects, or concerns any trade secrets or any other types or confidential or proprietary information entitled to protection under applicable law;

b.    Operate as an admission or waiver by any producing party regarding the confidentiality or non-confidentiality of any Information;

c.    Operate as a waiver by any party of any legally cognizable privilege or other protection to withhold any Information, or of any right that a party might have to assert such privilege or other protected at any stage of this litigation;

13

d.      Operate as an admission by any party that the use of the restrictions and procedures set forth herein constitute, if used outside of the context of this action, adequate protection for any Information deemed by any party to be Protected Material;

e.      Prejudice the right of any party to contest the alleged relevancy, authenticity, admissibility, or discoverability of Information sought and/or obtained, or otherwise prevent any party from objecting to discovery that it believes to be improper;

f.      Prejudice the right of either or both parties to move for a separate protective Order as to any particular document or information, including restrictions differing from those herein; or

g.      Prejudice either or both parties in any way in any application for modification of this Stipulation and Order.

22.      Review and Disclosures. Review of Protected Material by persons identified in paragraph 4 shall not waive confidentiality or objections to production. The inadvertent, unintentional, or in camera disclosure of Protected Material shall not, under any circumstances, be deemed a waiver in whole or in part of any producing party's claims of confidentiality.

23.      Subpoena by Other Courts or Agencies. If another court or an administrative agency subpoenas or Orders production of Protected Material that a party has obtained under the terms of this Stipulation and Order, such party shall promptly and in any case within five (5) business days of receipt of such subpoena (but in no event later than the time for production of such material to the extent practicable) give written notice to counsel for the party who designated the Information "Confidential," identifying the "Confidential" Information sought and enclosing a copy of the subpoena or Order.  The recipient party shall

14

not produce the Protected Material for at least five (5) business days after providing the required notice to the producing party unless compelled by law. If, within five (5) business days of receiving such notice, the producing party provides written notice to the recipient party that it opposes production of its Protected Material, the recipient party shall not thereafter produce such Protected Material, except pursuant to a court Order or other Order that subjects the recipient party to penalties for noncompliance. The producing party shall be responsible for asserting any objection to the required production. Nothing herein shall be construed as requiring the recipient party or anyone else covered by this Order to challenge or appeal any such Order requiring production, subject itself to penalties for noncompliance, or seek any relief from the court or administrative agency, but the recipient party shall provide reasonable cooperation with respect to any procedure to protect such information or matter that is pursued by the producing party.

24.    Non-Parties. Non-parties who are obliged to provide discovery in this action by deposition, production of documents, or otherwise may request the protection of this Stipulation and Order as to said non-party's own Information. The provisions of this Stipulation and Order shall be binding on the non-party requesting the protection of this Stipulation and Order without further court Order, and Information produced by such non-parties shall be treated by the parties in conformance with this Stipulation and Order.

25.    Non-Termination of Stipulation and Order.   This Stipulation and Order is binding on all parties to this action, persons who receive Protected Material and have executed a Confidentiality Agreement, and on all non-parties who elect the protections of this Stipulation and Order, and shall survive any settlement, discontinuance, stay, dismissal,

judgment or other disposition of this action. This Stipulation and Order shalt remain in force and effect until modified, superseded, or terminated by further Order of the Court.

26. Obligations Upon Termination of This Action. Within ninety (90) calendar days after the final resolution of this litigation, whether by settlement or final non-appealable judgment, all Protected Material, including all copies, excerpts, abstracts, and summaries, shall be returned to counsel for the party that produced it. Notwithstanding the foregoing, counsel for each party to this action shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, the trial record (including exhibits), even if such foregoing materials contain Protected Material, and one copy of Protected Information produced by another party or non-party bound hereto, so long as any Protected Material, is stored and protected in accordance with the provisions of this Stipulation and Order and are clearly marked to reflect that they contain information subject to this Stipulation and Order.

27. Violations. In the event of any breach or violation of this Stipulation and Order, the Court may grant such relief as it deems appropriate, including monetary damages, interim or final injunctive relief or other equitable relief, sanctions, and/or a contempt sanction.

28. Jurisdiction. Each person to whom Protected Material is disclosed pursuant to this Stipulation and Order submits himself/herself/itself to the jurisdiction of this Court over his or her person, wherever he or she shall be, for the enforcement of this Stipulation and Order. This Court has jurisdiction over this Stipulation and Order for all purposes, including its amendment, modification, interpretation, and enforcement. Nothing in this Stipulation and Order, or in the Confidentiality Agreements, shall be construed as precluding any other court

16

or judicial body from exercising jurisdiction over the undersigned for purposes of enforcement of this Confidentiality Agreement.

AGREED AND STIPULATED:

MAX DOPPELT

SPECTRUM EXCHANGE LLC

_____ */s/ Camille Renee Nicodemus*
Camille Renee Nicodemus
QUILLING SELANDER LOWNDS
WINSLETT MOSER
1033 N. Meridian St, Ste 200
Indianapolis, IN 46290
(317) 497-5600
cnicodemus@qslwm.com

_____ */s/ Robert S. Gans* _____
Robert S. Gans
Mary C. Spooner
SCALE LLP
169 Madison Avenue, Ste 38072
New York, NY 10016
(415) 735-5933
mspooner@scalefirm.com

_____ */s/ Donald J. Walsh* _____
Donald J. Walsh  (*pro hac vice*)
RKW, LLC
10075 Red Run Blvd., Suite 401
Owings Mills, Maryland 21117
443-379-4011
dwalsh@rkwlawgroup.com

*This stipulation + order may be amended for good cause shown.*

SO ORDERED:

Dated: _November 25___, 2025

JUDGE, United State District Court,
Southern District of New York

17

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MAX DOPPELT,                                          :

                Plaintiff,            :

     - against -                                   :

SPECTRUM EXCHANGE, LLC,                  :

             Defendant.                :

------------------------------------- x

Case No. 1:25-cv-05684-SHS

**CONFIDENTIALITY
AGREEMENT**

## CONFIDENTIALITY AGREEMENT

I understand that _____ (the "Disclosing Party") is providing to me for review certain materials, information, or documents that has/have been designated as "Confidential Information" in the above-referenced lawsuit ("Confidential "Information"). I agree not to disclose such Confidential Information without the consent of the Disclosing Party or otherwise ensuring that such disclosure does not violate the attached Joint Stipulation and Order. I hereby consent to the personal jurisdiction of The United States District Court, Southern District of New York for the purposes of enforcement of this Confidentiality Agreement and the attached Joint Stipulation and Order.

_____          _____
Signature                                                         Date

_____
Name (Please print or type)

_____          _____
Business Address                                          Residential Address

_____          _____
City, State, Zip Code                                    City, State, Zip Code

1